# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHAZ O. GULLEY, | : | |
|     Plaintiff, | : | No. 3:18-cv-858 (SRU) |
| | : | |
| v. | : | |
| | : | |
| WARDEN WILLIAM MULLIGAN, et al., | : | |
| | : | |
|     Defendants. | | |

## RULING ON MOTION FOR INJUNCTIVE RELIEF

### I.    Introduction

On May 22, 2018, Chaz O. Gulley, an inmate in the custody of the Connecticut Department of Correction ("DOC") currently confined at Corrigan-Radgowski Correctional Center, brought this civil rights complaint under 42 U.S.C. § 1983 against Warden William Mulligan, District Administrator Angel Quiros, Deputy Warden Guadarrama, Correction Officer Cashman, Correction Officer Rodriguez, and Correction Officer Gonzalez. *See* Compl., Doc. No. 1. Gulley's complaint alleged claims for excessive force and deliberate indifference to his safety pursuant to the Eighth Amendment and state law claims of assault and battery.

In an initial review order dated September 20, 2018, I permitted Gulley's Eighth Amendment claims for excessive force and state law claims for assault and battery to proceed against Cashman, Rodriguez, and Gonzalez in their individual capacities for damages. *See* Initial Review Order, Doc. No. 10, at 8. I dismissed Gulley's Eighth Amendment claim for deliberate indifference to his safety against Mulligan, Guadarrama, and Quiros. *See id.*

On February 13, 2020, Gulley filed a motion for a preliminary injunction or a temporary restraining order, which I construe as seeking an order instructing the DOC to place Gulley in

less restrictive housing.  *See* Mot. for Prelim. Inj., Doc. No. 35.  For the following reasons, Gulley's motion for a preliminary injunction or a temporary restraining order is **denied without prejudice**.

II.     **Standard of Review**

"The standard[s] for granting a temporary restraining order and a preliminary injunction . . . are identical."  *Stoneway Capital Corp. v. Siemens Energy Inc.*, 2020 WL 764457, at *1 (S.D.N.Y. Feb. 14, 2020) (internal citations and quotation marks omitted).  "The District Court may grant a preliminary injunction if the moving party establishes '(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.'"  *Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.,* 696 F.3d 206, 215 (2d Cir. 2012) (quoting *UBS Fin. Servs., Inc. v. W. Va. Univ. Hosps., Inc.,* 660 F.3d 643, 648 (2d Cir. 2011)).  The Second Circuit has cautioned that preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Moore v. Consolidated Edison Co. of New York, Inc.,* 409 F.3d 506, 510 (2d Cir. 2005) (internal citation and quotation marks omitted).

If the movant seeks a "mandatory preliminary injunction that alters the status quo by commanding some positive act," rather than a "prohibitory injunction seeking only to maintain the status quo," the movant must meet an even higher burden.  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401 406 (2d Cir. 2011) (internal quotation marks and citation omitted).  Such a mandatory injunction "should issue only upon a clear showing that the moving party is entitled to the relief

2

requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Id.* A party seeking a mandatory injunction must make a substantial showing of a likelihood of success on the merits. *See Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996).

"In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846–47 (1994)). Federal courts can order prospective relief "in any civil action with respect to prison conditions," provided it "extend[s] no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a). When awarding injunctive relief, a court must make sure that such relief is narrowly tailored to the scope of the violation and extends no further than necessary to remedy the violation. *Brown v. Plata*, 563 U.S. 493, 531 (2011). Thus, a court should reject "remedial orders that unnecessarily reach out to improve prison conditions other than those that violate the Constitution." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 357 (1996)).

## III. Discussion

I will deny Gulley's request for injunctive relief because the remedy he seeks is not closely related to the constitutional violation he asserts in this case. Gulley's complaint alleges that certain defendants here used excessive force against Gulley on November 8, 2017. *See* Initial Review Order, Doc. No. 10, at 3. But Gulley's request for injunctive relief seeks an order instructing the DOC to place Gulley in less restrictive housing. *See* Mot. for Prelim. Inj., Doc. No. 35. The two are not clearly related.

Moreover, the DOC Commissioner ordinarily has discretion to determine the appropriate housing and classification for an inmate. *See McKinnon v. Chapdelaine*, 2013 WL 951324, at *1 (Conn. Super. Ct. Feb. 13, 2013); *see also* Conn. Gen. Stat. § 18–86 ("The commissioner may transfer any inmate of any of the institutions or facilities of the department to any other such institution or facility . . . when it appears to the commissioner that the best interests of the inmate or the other inmates will be served by such action"); *Olim v. Wakinekona,* 461 U.S. 238, 248 (1983) (holding that prisoners do not have a constitutionally protected right to be confined in any particular correctional facility or any particular state); *but see Wilkinson v. Austin*, 545 U.S. 209, 221–22 (2005).

## IV.     Conclusion

For the foregoing reasons, I **deny without prejudice** Gulley's motion for an injunction ordering his placement in less restrictive housing (doc. no. 35). I deny Gulley's motion without prejudice to allow Gulley to re-file his motion to the extent he believes that it seeks to remedy the Eighth Amendment claim he alleges in this case.

So ordered.

Dated at Bridgeport, Connecticut, this 9th day of March 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
