# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHAZ GULLEY,<br>    Plaintiff,<br><br>v.<br><br>OGONDO, et al.,<br>MULLIGAN, et al.,<br>LIMMER, et al.,<br>LIZON, et al.,<br>    Defendants. | Nos. 3:19-cv-612 (SRU)<br>       3:18-cv-858 (SRU)<br>       3:18-cv-941 (SRU)<br>       3:19-cv-310 (SRU) |

## RULING ON MOTIONS FOR RELEASE

Chaz Gulley, currently confined at Corrigan-Radgowski Correctional Center, filed the instant motions seeking immediate release from confinement. For the reasons that follow, the motions are **denied**.

**I.    Background**

On June 18, 2012, Gulley pled guilty to assault in the first degree, in violation of Conn. Gen. Stat. § 53-59(a)(1) and attempted armed robbery in the first degree, in violation of Conn. Gen. Stat. § 53-134(a)(2). *Chaz Gulley*, Criminal/Motor Vehicle Conviction Case Detail, STATE OF CT JUDICIAL BRANCH, https://www.jud2.ct.gov. He was sentenced to twenty years of imprisonment, execution suspended after ten years, and five years of probation. *Id*. His sentence ends on May 18, 2020. *Chaz Gulley*, Inmate Information, CT STATE DEP'T OF CORR., http://www.ctinmateinfo.state.ct.us.

On March 26, 2020, Gulley filed motions for a preliminary injunction and/or temporary restraining order in four of his pending 42 U.S.C § 1983 cases, requesting early and immediate

release from prison because of the risk of contracting Coronavirus Disease-2019 ("COVID-19") while incarcerated.[1] He posits that, if he were "to catch the virus, it [would] most definitely be from a correctional officer while incarcerated." *See, e.g.*, Mot., Doc. No. 40, *Gulley v. Ogando, et al.*, 19-cv-612, at 1–2. The defendants filed objections on April 1, 2020.

## II. Discussion

The defendants first argue that I cannot order Gulley's release because the cases at bar are civil rights actions pursuant to 42 U.S.C § 1983. I agree.

As a state prisoner seeking relief in federal court, Gulley can challenge the duration of his confinement only by petition for writ of habeas.[2] *Preisier v. Rodriguez*, 411 U.S. 475, 487–90 (1973) (holding that a state prisoner challenging the length of confinement and requesting immediate release must do so by a habeas petition, not by a section 1983 suit); *Murphy v. Travis*, 36 F. App'x 679, 681 (2d Cir. 2002) (holding that a state prisoner's request for injunctive relief in a section 1983 case was "tantamount to seeking relief from confinement and is thus barred by the Supreme Court's decision in *Preisier*"). Accordingly, I do not have the authority to grant the relief that Gulley seeks.

Even if Gulley was not barred from requesting release in the present actions, his motion for a preliminary injunction would nonetheless fail on the merits. "A party seeking a preliminary injunction ordinarily must show: (1) a likelihood of irreparable harm in the absence of the

---

[1] Because the motions filed in each case are identical, and because my analysis of the issues presented overlaps across the cases, this opinion addresses each motion.

[2] I note that, as amended by the First Step Act of 2019, 18 U.S.C. § 3582 authorizes courts to reduce a term of imprisonment if, after considering the factors set forth in section 3553(a), it concludes, in relevant part, that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). That relief, however, is available only to individuals incarcerated for federal offenses and thus cannot be granted here. *United States v. Rivernider*, 2020 WL 597393, at *2 (D. Conn. Feb. 7, 2020) ("The First Step Act . . . modified the compassionate release statute to enable a *federal prisoner* to petition the sentencing court for a reduction in his sentence.") (emphasis added).

injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor." *Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008). "When the movant seeks a 'mandatory' injunction—that is, as in this case, an injunction that will alter rather than maintain the status quo—she must meet the more rigorous standard of demonstrating a 'clear' or 'substantial' likelihood of success on the merits." *Id*. (internal citations omitted).

Significantly, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Vega v. Lantz*, 2006 WL 2642416, at *2 (D. Conn. Sept. 14, 2006) (internal citations omitted); *see also Taylor v. Rowland*, 2004 WL 231453, at *2–*3 (D. Conn. Feb. 2, 2004) (concluding that a motion for preliminary injunctive relief was not proper because it was "unrelated to the issues in the amended complaint"). That is because preliminary injunctive relief is intended to "prevent irreparable harm until the court has an opportunity to rule on the lawsuits merits." *Taylor*, 2004 WL 231453, at *2 (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).

Further, the defendants must be capable of providing the relief sought by the plaintiff. *Wells v. Jacobs*, 2004 WL 1146028, at *2 (W.D.N.Y. Mar. 22, 2004) (denying motion for temporary restraining order and preliminary injunction because none of the defendants could provide the plaintiff with the requested relief).

Here, the injury that Gulley now asserts—his continued confinement during the COVID-19 pandemic—is entirely unrelated to the conduct giving rise to his section 1983 complaints, which assert claims of excessive force, deliberate indifference, and retaliation, and challenge specific actions by various correctional staff and nurses. *Gulley v. Mulligan, et al.*, 18-

3

cv-858 (D. Conn. May 22, 2018) (asserting Eighth Amendment excessive force and deliberate indifference claims); *Gulley v. Ogando, et al*., 19-cv-612 (D. Conn. April 23, 2019) (asserting First Amendment retaliation and Eighth Amendment deliberate indifference and excessive force claims); *Gulley v. Limmer*, *et al*., 19-cv-941 (D. Conn. June 7, 2018) (asserting Eighth Amendment excessive force claim); *Gulley v. Lizon*, *et al*., 19-cv-310 (D. Conn. March 4, 2019) (asserting Eighth Amendment excessive force and deliberate indifference claims).

Moreover, as the defendants argue, they would not have the authority to release Gulley from prison even if I were to direct them to do so. Although Gulley claims that "the Commissioner of Correction has the authority to discharge, transfer or detain any inmate in the custody of corrections," *see, e.g*., 19-cv-612, doc. no. 40, I do not have personal jurisdiction over the Commissioner because the Commissioner is not a defendant and has not been served in any of the actions at bar. *Wells*, 2004 WL 1146028, at *2 (W.D.N.Y. Mar. 22, 2004).

**III. Conclusion**

For all the foregoing reasons, I must **deny** Gulley's motions for release. Doc. No. 38, *Gulley*, 18-cv-858; Doc. No. 40, *Gulley,* 19-cv-612; Doc. No. 38, *Gulley*, 19-cv-941; Doc. No. 33, *Gulley*, 19-cv-310.

So ordered.

Dated at Bridgeport, Connecticut, this 13th day of April 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge